**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**EDULBERTA CAMPOS RAMIREZ,**

**Petitioner,**

**v.**

**LUIS SOTO, et al.,**

**Respondents.**

**Civil Action No. 26-8025 (SDW)**

**OPINION**

**IT APPEARING THAT:**

1. Presently before this Court is Petitioner Edulberta Campos Ramirez's motion for attorneys' fees ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 11).

2. Petitioner filed a habeas corpus petition on July 1, 2026 challenging her detention by Immigration and Customs Enforcement ("ICE"). (ECF No. 1).

3. On July 1, 2026, this Court preliminarily concluded that Petitioner was being unlawfully detained under 8 U.S.C. § 1225 because she was apprehended inside the United States after residing here for an extended period, and therefore she should have been detained under 8 U.S.C. § 1226. (ECF No. 4).

4. Respondents declined to file a response to the Petition and released Petitioner. (ECF No. 6).

5. On August 28, 2026, the Third Circuit issued a precedential opinion concluding that noncitizens who were arrested and detained in the interior of the country were subject discretionary detention pursuant to § 1226(a), not mandatory detention pursuant to § 1225(b). *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026).

6. Petitioner filed a motion for attorneys' fees under the EAJA on September 29, 2026. (ECF No. 8).

7. The EAJA "provides that the prevailing private party 'in any civil action (other than cases sounding in tort)' brought by or against the United States is entitled to attorneys' fees and costs if the Government's position was not 'substantially justified' or 'special circumstances make an award unjust.'" *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 422 (3d Cir. 2026), *petition for cert. filed*, No. 26-145 (U.S. July 30, 2026) (quoting 28 U.S.C. § 2412(d)(1)(A)).

8. In *Michelin*, the Third Circuit held as a matter of first impression that "[h]abeas challenges to immigration detention under 28 U.S.C. § 2241 are civil actions." *Id.* at 425. This Court ordered Petitioner to be released from ICE detention under the same conditions that existed prior to her detention; therefore, Petitioner is a prevailing party in a civil action against the United States.

9. Respondents now bear the burden of proving their position was justified. *Id.* at 433.

10. Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)).

11. "To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)).

12. Respondents did not file any opposition to the Petition, nor have they filed opposition to the Motion.

13. Accordingly, this Court concludes that Respondents have not shown that their position was substantially justified. This Court will grant the Motion.

14. "[T]he fee applicant, 'bears the burden of establishing entitlement to a reasonable award and documenting the appropriate hours expended and hourly rates.'" *Michelin v. Oddo*, No. 3:23-cv-22, 2024 WL 3937228, at *6 (W.D. Pa. Aug. 26, 2024) (quoting *Beattie v. Colvin*, 240 F. Supp. 3d 294, 296 (D.N.J. 2017)), *aff'd sub nom. Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418 (3d Cir. 2026).

15. This Court has reviewed the billing records submitted by Petitioner and finds, with one exception, that the itemized activities were done as part of this habeas action.

16. A call conducted between Petitioner and a paralegal or law clerk on July 1, 2026 included "intake for 42b … ." (ECF No. 8-3 at 3). Intake for cancellation of removal, (Form EOIR-42B), is separate from Petitioner's habeas petition seeking relief from her ICE detention. *See Kabura v. McNeer*, No. 2:17-cv-0881, 2020 WL 4747788, at *5 (D. Utah Aug. 17, 2020) ("[T]he recovery of fees for agency adjudications like those conducted in Immigration Court are governed by 5 U.S.C. § 504.") Therefore, the billed 0.51 hours totaling $76.50 will be excluded from the fee award.

17. "[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

18. "A district court has broad discretion in determining the appropriate amount of a fee award." *Beattie*, 240 F. Supp. 3d at 296.

19. This Court agrees with Petitioner that special circumstances warrant a higher fee than the statutory $125 per hour. "Immigration detainees are among the litigants least able to protect their own rights without counsel, and many lack both meaningful access to legal representation and the financial ability to retain it." *Kumar v. Soto*, No. 26-cv-203, 2026 WL 1458522, at *3 n.5 (D.N.J. Apr. 22, 2026).

20. "Where the Government engages in unlawful detention practices against such vulnerable individuals, an award of fees serves not only to compensate counsel for vindicating clear legal rights, but also to ensure that judicial review remains a realistic check on executive overreach." *Id.*

21. Petitioner requested fees in the amount of $1,917. (ECF No. 8 at 10). After deducting the unrelated item, this results in an award of $1,840.50.

22. An appropriate order follows.

SDWigenton

Hon. Susan D. Wigenton,
United States District Judge
Dated: November 12, 2026